UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| reFx Audio Software, Inc., | ) | |
| | ) | No. 13 C 937 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| Dorothy Green, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Plaintiff reFx Audio Software, Inc. ("reFx"), a creator of audio software, brought suit against 178 "John Doe" Defendants, alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, contributory copyright infringement, and civil conspiracy and seeking damages and injunctive relief. R. 1. reFx claims that defendants illegally reproduced and distributed its copyrighted synthesizer-plugin software program by means of interactive "peer-to-peer" BitTorrent protocol. *Id.*

reFX requested leave to take early discovery and issue subpoenas to the Internet Service Providers ("ISPs") associated with the Internet Protocol ("IP") addresses of the Doe defendants. The subpoenas ask the ISPs to provide identifying information associated with the account holders traced to the IP addresses that are linked to the illegal infringements. This Court granted reFx's request for early

1

discovery. R. 12. Doe Defendants 67 and 75 then moved to quash the subpoenas.[1] R. 13, 14. Doe Defendant 75 has also moved for a protective order.[2] R. 14.

In her motion to quash, Doe Defendant 67 contends that she did not download reFx's software program. R. 13. In his motion to quash, Doe Defendant 75 argues that joinder is improper, and that the subpoena issued to the ISP was overbroad and presents an undue burden under Federal Rule of Civil Procedure 45(c)(3)(A)(iv).

Rule 45 allows a court to quash or modify a subpoena that, among other things, requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). The party seeking to quash a subpoena bears the burden of demonstrating that it meets these requirements. *Malibu Media, LLC v. Does 1-6*, 291 F.R.D. 191, 196 (N.D. Ill. 2013).

Doe Defendant 67 moves to quash the subpoena based on her assertion that she is not an infringing party. But this is a merits-based argument and is not a basis on which to quash a subpoena under Rule 45. *See Thompson Films, LLC v. Does 1-60*, No. 13 C 2368, 2013 WL 4805021, at *3 (N.D. Ill. Sept. 6, 2013) ("Insofar as IP address holders may contend that they were not the infringing parties, such arguments go to the merits of the action and are 'not relevant as to the validity or

---

[1] Although Doe Defendant 67 identified herself in her motion to quash, the Court will refer to her in this order as Doe Defendant 67.

[2] reFx pursued early discovery and has since amended its complaint to name the remaining Doe Defendants. R. 41. At this point, only Does 67 and 75 are proceeding anonymously.

enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit.'" (quoting *Hard Drive Prods. v. Does 1-48*, No. 11 C 9062, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012))). While an IP address, and the person associated with it, may not be dispositive evidence of who used the computer to download the copyrighted materials, *see, e.g.*, *TCYK, LLC v. Does 1-87*, No. 13 C 3845, 2013 WL 3465186, at *4 (N.D. Ill. July 10, 2013), reFx is certainly allowed at this stage of the proceedings to obtain the information to identify a potential defendant and make a decision as to naming that defendant. The Court will therefore not quash the subpoena issued to Doe Defendant 67 on this basis.

Doe Defendant 75 objects to the subpoena based on improper joinder, arguing that reFx's joinder of multiple Doe defendants—178 in this case—in a single civil complaint, is improper. A plaintiff may join defendants in a suit presenting any question of law or fact common to all defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

The numerous courts that have addressed the issue of whether it is appropriate to join in a single lawsuit many anonymous defendants who have been alleged to have participated in the BitTorrent protocol have reached different conclusions. *See TCYK, LLC*, 2013 WL 3465186, at *3 (collecting cases allowing and rejecting joinder). The Court has reviewed the case law on this question and

considered the arguments on both sides and finds the arguments relating to improper joinder are premature at this early stage of the proceedings. reFx named in its complaint participants who are likely located in this district and who participated in a "swarm" over a relatively brief time frame. This is sufficient, at this preliminary stage, to allow the Doe defendants to be joined in a single lawsuit. That said, joinder at this point in the proceedings does not mean that the claims will remain joined through the entirety of the litigation. Doe Defendant 75, after he has been identified and served, may raise the issue of misjoinder then if he so chooses, and the Court will address the propriety of joinder at that time. *Id.* at *4; *see also Malibu Media*, 291 F.R.D. at 199-206. Indeed, the Court may *sua sponte* determine that severance under Federal Rule of Civil Procedure 21 is appropriate and has already forewarned reFx that it may so sever the defendants at a later stage of the proceedings.

Doe Defendant 75 also challenges the subpoena as overbroad, arguing that it seeks his name, current and permanent addresses, telephone numbers, email addresses, and Media Access Control Addresses ("MAC")[3] when only his name and address are necessary. The Court finds that all this information has at least some relevance in determining the correct identity of the individual linked to the particular IP addresses associated with the illegal uploads and downloads. *See TCYK, LLC v. Does 1-87,* No. 13 C 3845, 2013 WL 5567772, at *3 (N.D. Ill. Oct. 9,

---

[3] A MAC address is a unique identifier assigned to every network interface, such as wireless or wired connections inside a computer or cell phone. Such an address will assist reFx in identifying the device that uploaded and downloaded the software plugin.

4

2013). Accordingly, the subpoena is not overbroad, and the Court will not quash the subpoena on this basis either.

Doe Defendant 75 further contends the subpoena presents an "undue burden" under Rule 45(c)(3)(A)(iv). The Court disagrees. The undue burden referred to by Rule 45 is the burden on the subpoenaed party. *TCYK, LLC*, 2013 WL 5567772, at *3 (citing cases); *Thompson Films, LLC*, 2013 WL 4805021, at *2. Here, that burden falls on the ISPs, not Doe Defendant 75. Accordingly, since he is not the party who must comply with the subpoena, the subpoena imposes no undue burden on Doe Defendant 75.

Doe Defendant 75 also argues that because the basis of the request has not been sufficiently verified, his due process rights will be violated by being subject to discovery without first being served with a complaint. Rule 26(d) permits early discovery when authorized by court order. Fed. R. Civ. P. 26(d)(1); *see also TCYK, LLC*, 2013 WL 5567772, at *3. District courts have broad discretion to manage the discovery process. *See James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Based on the record presented in reFx's motion for leave to take early discovery, the Court, in its discretion, found good cause to take early discovery, concluding that discovery was appropriate and reasonable in light of all the surrounding circumstances of the case. If Doe Defendant 75 wishes to challenge the reliability or accuracy of the method of identifying his IP address, he may do so later during the course of his defense. *TCYK, LLC*, 2013 WL 5567772, at *3.

Doe Defendant 75 also moves for a protective order, arguing that "the removal of [his] cloak of anonymity will subject him to intrusive public scorn as an alleged unlawful copier of copyrighted material." R. 14 at 9. At this preliminary stage, the Court will temporarily allow Doe Defendant 75 to proceed anonymously, but after his identity has been ascertained and he has received notice of this suit, the Court will require that Doe Defendant 75 be named in an amended complaint. Although every defendant named in a civil complaint suffers the potential of some form of scorn due to the allegations, the Court assumes the complaint is brought in good faith under Rule 11 of the Federal Rules of Civil Procedure. The way a defendant combats the potential scorn associated with allegations in a civil complaint is to contest the allegations and seek either their dismissal or seek ultimate vindication through a favorable verdict. Doe Defendant 75 does not contend that being named in a complaint will cause him any harm beyond public scorn, as he might if he were a minor or a victim of a crime. Doe Defendant 75 will therefore be named in an amended complaint just like every other civil defendant once notice of the suit is received. Without additional information to demonstrate why the protections already in place are insufficient to protect Doe Defendant 75, the Court finds that a protective order is unnecessary. Doe Defendant 75's request for one is therefore denied.

For the foregoing reasons, Doe Defendants 67 and 75's motions to quash and for a protective order, R. 13, 14, are denied.

6

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 22, 2013